Bennetts' Dew Drop Inn, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Abe Lapowsky,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 28, 1975:

Bennetts' Dew Drop Inn, Inc. here appeals from an order of the Court of Common Pleas of Philadelphia County, affirming an order of the Pennsylvania Liquor

Control Board imposing a fine of $250 and revoking the appellant's Sunday Sales Permit. We have reviewed the record and considered the applicable law and we affirm the order of the court below, for whom the Honorable PAUL RIBNER, who conducted a de novo hearing, wrote a thorough and scholarly opinion which we would adopt but for its length, which is excessive for our purposes. Section 406(a) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-406(a) (Supp. 1974-1975) provides in pertinent part that:

"Hotel and restaurant liquor licenses . . . whose sales of food and nonalcoholic beverages are equal to forty per centum or more of the combined gross sales of both food and alcoholic beverages may sell liquor and malt or brewed beverages on Sunday . . . upon purchase of a special annual permit from the board. . . . "

The pertinent regulation of the Board is as follows:

"Section 141.02. Application for 'Sunday Sales Permit'. Any licensee who wishes to make such sales of alcoholic beverages shall file an application in such form as may be prescribed by the Board for a 'Sunday Sales Permit'. Such application shall contain or have attached thereto the following information and statements:

. . .

(d) Where the Liquor Code requires a percentage of food sales a certification by a certified public accountant or public accountant that for a period of not less than ninety (90) consecutive days during the twelve months immediately preceding the date of the application, sales of food and nonalcoholic beverages by the applicant at the licensed premises were equal to or exceed forty per centum of the combined gross sale of both food, nonalcoholic and alcoholic beverages. . . . "

On August 24, 1971, the appellant filed an application for a Sunday Sales Permit for the license year terminating October 1, 1971. It informed the Board that during the period May 1, 1971 to August 23, 1971, it had total sales of $19,204, of which sales of food and nonalcoholic beverages in the amount of $7835 constituted 40.8% of total sales. On October 29, 1971, the appellant filed its renewal application for a license for the year terminating October 31, 1972. It reported that for the period August 30, 1971 to September 30, 1971 its total sales were $6874, of which sales of food and nonalcoholic beverages in the amount of $2784 constituted 40.5% of total. Both applications were approved and permits issued.

An investigator for the Liquor Control Board examined the appellant's books on or shortly before September 5, 1972 and found that these records revealed total sales in excess of $25,000 for the May 1, 1971 to August 23, 1971 period instead of $19,204 reported, and sales of food considerably larger than the amount reported on the application for the period August 30, 1971 to September 30, 1971. Either as the result of these discrepancies or for other reasons, the investigator undertook an in depth review of the appellant's operations for the period from May 1971 until June 1972. He obtained from the State stores and beer distributors the actual purchases of liquor and beer by the appellant during the period, and by applying price information received from the appellant's proprietor, computed the amount of total sales of liquor and beer during this period. In making this reconstruction, the investigator gave the appellant the benefit of several favorable hypotheses. He assumed no inventory at the beginning of the period; he allowed 10% volume for spillage, and he assumed that each container in which beverages were sold had been filled to the top. The investigator concluded that for the period May 1971 to June 1972, the appellant's

total sales of liquor and beer was $112,753.01. The appellant's books for the same period recorded total sales of these items of only $55,295.76. The total sales as computed by the investigator were thus 103% greater than the sales as recorded on the appellant's records. The investigator applied this percentage to the sales of liquor and beer for the two periods reported on the appellant's applications, and using the appellant's own figures for food and nonalcoholic beverages and determined that for the period May 1, 1971 to August 23, 1971 the percentage of food to total sales was 24.26%, instead of the 40.8% reported, and that for the period August 30, 1971 to September 30, 1971 the percentage of food to total sales was 28.58%, instead of the 40.5% reported.

The appellant contends that the application of the 103% discrepancy between sales of liquor and beer as computed for the thirteen (13) month period of investigation to the two periods reported on by the appellant in making his applications was improper, unreasonable and not competent evidence that the appellant had furnished false information or falsified his own records, as charged in the citation upon which this case was tried. We disagree. Both of the reporting periods were included in the test period and there is no evidence in the record that any portion of the periods reported on or investigated were not typical of the appellant's business activities. The investigator's testimony was unshaken by cross-examination and the appellant adduced no evidence in defense.

The appellant asserts in this appeal that the citation was defective because it did not contain the dates of the alleged offenses and that the citation was issued untimely. We have examined the record and law and conclude that neither of these assertions has merit. We do not discuss them because neither issue was raised in the court below.

Affirmed.